# UNITED STATES DISTRICT COURT

**District of Kansas**

(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO. 6:25-cr-10071-JWB**

**ARLANDO TROTTER,**

**Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**MONEY LAUNDERING**
**[18 U.S.C. § 1957]**

On or about July 16, 2020, in the District of Kansas, the defendant,

**ARLANDO TROTTER,**

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, and which in fact was derived from specified unlawful activity, namely, defendant ARLANDO TROTTER purchased a cashier's check in the amount of $225,158.05 which was used in the purchase of defendant TROTTER's residence, which

funds in fact were derived from a violation of Title 18, United States Code, Section 1952 and 1955.

In violation of Title 18, United States Code, Section 1957.

## COUNT 2 THROUGH 6

**MONEY LAUNDERING**
**[18 U.S.C. § 1956(a)(1)(B)(i)]**

On or about the dates specific below, in the District of Kansas, the defendant,

**ARLANDO TROTTER,**

did knowingly and willfully conduct a financial transaction affecting interstate commerce, that is, defendant ARLANDO TROTTER used United States currency to make monthly mortgage payments on his house to the specific lender below, which involved the proceeds of a specified unlawful activity, that is, interstate transportation in aid of racketeering and prohibition of illegal gambling business, in violation of Title 18, United States Code, Sections 1952 and 1955, knowing that the specified transaction was designed, in whole and in part, to conceal and disguise the nature, source and ownership of the proceeds of said specified unlawful activity, and, that while conducting this transaction and causing it to be conducted, defendant ARLANDO TROTTER knew that all and part of the property involved in the specified financial transaction represented the proceeds of some form of unlawful activity,

| Count | Approx. Date | Amount of Transaction | Lender |
|---|---|---|---|
| 2 | 7/1/2021 | $3,646.73 | Quicken Loans |
| 3 | 10/4/2021 | $3,646.73 | Quicken Loans |

| | | | |
|---|---|---|---|
| 4 | 11/2/2021 | $3,646.73 | Rocket Mortgage |
| 5 | 2/2/2022 | $3,646.73 | Rocket Mortgage |
| 6 | 3/7/2022 | $3,646.73 | Rocket Mortgage |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

**FORFEITURE NOTICE**

1. The allegations contained in Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of one or more of the offenses set forth in Counts 1-6, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to, the following:

A. a forfeiture money judgement against the defendant in an amount equal to the value of the property involved in Counts 1-6.

3. If any of the property described above, as a result of any act or omission of the defendant:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

July 8, 2025
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

DUSTON J. SLINKARD
Acting UNITED STATES ATTORNEY

By: /s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: [AUSA Name]@usdoj.gov
Ks. S. Ct. No. 12729

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

## Count 1 (18 USC 1957)

- Punishable by a term of imprisonment of not more than ten (10) years. 18 U.S.C. § 1957(b)(1).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $500,000 or of not more than twice the amount of the criminally derived property used in the transaction. 18 U.S.C. § 1956(a)(1), 1957(b)(2).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

## Counts 2 through 6 (18 USC 1956)

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1956(a)(1).
- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).
- A fine not to exceed $500,000 or twice the value of the property involved in the transaction, whichever is greater. 18 U.S.C. § 1956(a)(1).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.